UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JANE DOE (K.U.),

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff hereby sues Defendant and allege as follows:

### JURISDICTIONAL AND PRELIMINARY ALLEGATIONS

1. The Plaintiff, JANE DOE (K.U.), is a citizen of Georgia.

2. Defendant, ROYAL CARIBBEAN CRUISES LTD., is a foreign entity incorporated under the Republic of Liberia with its principal place of business in Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

  d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 and/or 48.193;

  e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

  f. Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard their vessels.

5. Defendant is subject to the jurisdiction of the Courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Majesty of the Seas* (the "vessel").

8. Between March 7, 2019 and March 11, 2019, Plaintiff was a paying passenger aboard the vessel, which was in navigable waters.

### Subject Incident

9. On or about the evening of March 9, 2019, Plaintiff was visibly intoxicated, disoriented and crying while sitting in a passenger cabin hallway aboard the vessel.

10. A crewmember approached the Plaintiff, but did not provide the Plaintiff any assistance in finding and/or getting to Plaintiff's cabin.

11. Shortly thereafter, a male passenger (the "Assailant") approached the Plaintiff.

12. The Plaintiff believed the Assailant was going to help her find and/or get to her cabin, so she agreed to follow him.

13. Instead of assisting Plaintiff to her cabin, the Assailant took Plaintiff to his cabin, where he proceeded to sexually assault and/or rape the Plaintiff.

**Defendant's Notice**

14. The Plaintiff was visibly intoxicated, disoriented, stumbling and/or barely able to stand up on her own before the Assailant approached her and when she was with the Assailant in public areas of the vessel.  Nevertheless, the crewmember that initially approached the Plaintiff did not offer her any assistance, and thereafter, when Plaintiff was with the Assailant, not a single crewmember or security officer stopped the Plaintiff to offer assistance.

15. Before the incident, Defendant knew or should have known a sexual assault and/or rape was reasonably foreseeable considering Plaintiff's condition throughout public areas of the vessel, as alleged in the paragraphs above, and considering the prevalence of sexual assaults aboard Defendant's vessels.  Pursuant to the Secretary of Transportation's statistical compilation of shipboard incidents, there were a total of 60 sexual assaults reported on Defendant's vessels in the three years preceding the subject incident – 44 (nearly 74%) of which were sexual assaults committed against passengers, like Plaintiff here. These shipboard incidents are reported by Defendant itself, directly to the Secretary of Transportation and/or the Federal Bureau of Investigation.

16. Notwithstanding the prevalence of sexual assaults aboard Defendant's cruise ships, Defendant failed to take adequate steps, provide adequate security, or provide adequate supervision to prevent such rapes and/or sexual assaults, and/or Defendant failed to warn its passengers of the growing epidemic of rape and sexual assault at sea.  Defendant's motive for failing to warn its passengers was financial in nature; that is, Defendant willfully chose not to warn its passengers about rapes and/or sexual assaults aboard its cruise ships so as not to scare any prospective passengers away. Such willful and outrageous conduct on the part of Defendant exposes Defendant to punitive damages. *See Lobegeiger v. Celebrity Cruises, Inc.*, 11-21620, 2011 WL 3703329, 2011 U.S. Dist. LEXIS 93933 (S.D. Fla. Aug. 23, 2011); *Doe v. Celebrity Cruises,*

*Inc.*, 389 F. Supp. 3d 1109 (S.D. Fla. 2019); *see also K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041 (11th Cir. 2019).

## COUNT I – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through sixteen (16) as though alleged originally herein.

17. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

18. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

19. On or about the above date, Plaintiff was aboard the vessel, which is a place Defendant invited Plaintiff and reasonably expected Plaintiff to be in during the cruise.

20. On or about the above date, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to warn passengers of the prevalence and/or dangers of sexual assaults aboard Defendant's vessels; and/or

   b. Failure to warn passengers of the prevalence and/or dangers of being targeted aboard Defendant's vessels; and/or

   c. Failure to warn passengers of the lack of adequate security aboard the vessel.

21. The above acts and/or omissions caused and/or contributed to the Plaintiff being sexually assaulted and/or raped because Plaintiff would not have gone on the cruise and/or would not have been left alone during the cruise had Defendant and/or its agents, servants, and/or employees adequately warned and/or communicated the foregoing to passengers, including Plaintiff.

22. At all times material hereto, Defendant knew or should have known of the foregoing conditions causing the subject sexual assault and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through (a) Plaintiff's condition throughout public areas of the vessel; (b) prior incidents; and/or (c) the prevalence of sexual assaults aboard Defendant's cruise ships (as alleged in the paragraphs entitled, "Defendant's Notice," above), which did or should have revealed that Plaintiff was targeted by the Assailant because she was visibly intoxicated, and/or that a sexual assault and/or rape was reasonably foreseeable.  In addition, Defendant created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

23. As a direct and proximate result of Defendant's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury, including punitive damages.

## COUNT II – NEGLIGENT SECURITY

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through sixteen (16) as though alleged originally herein.

24. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

25. At all times material hereto, it was the duty of Defendant to provide reasonable security and/or implement reasonable security measures aboard the vessel.

26. At all times material hereto, Defendant voluntarily undertook and/or assumed the duty of security by retaining crewmembers to serve as security officers about the vessel and/or advertising its onboard security.

27. On or about the above date, Defendant and/or its agents, servants and/or employees breached its duty to Plaintiff through the following acts and/or omissions:

   a. Failure to provide adequate supervision and/or security in public areas aboard the vessel; and/or

   b. Failure to provide adequate supervision and/or security to protect passengers aboard the vessel; and/or

   c. Failure to provide adequate supervision and/or security presence aboard the vessel so as to deter sexual assaults aboard the vessel; and/or

   d. Failure to provide adequate supervision and/or security presence aboard the vessel so as to prevent passengers from being targeted and/or sexually assaulted aboard the vessel; and/or

   e. Failure to adequately supervise individuals working aboard the vessel to ensure they do not target and/or sexually assault passengers; and/or

   f. Failure to adequately monitor passengers aboard the vessel; and/or

   g. Failure to protect passengers from sexual assaults aboard the vessel; and/or

   h. Failure to maintain and/or monitor security cameras on the vessel in order to identify potentially dangerous situations, incidents, and/or passengers; and/or

    i. Failure to promulgate and/or enforce adequate policies and procedures to provide for the monitoring of public areas aboard the vessel; and/or

    j. Failure to promulgate and/or enforce adequate policies and procedures to provide adequate security to prevent passengers from being targeted and/or sexually assaulted aboard the vessel; and/or

    k. Failure to have adequate security aboard the vessel; and/or

    l. Failure to adequately train security; and/or

    m. Failure to adequately supervise security.

28. The above acts and/or omissions caused and/or contributed to the subject incident because, had Defendant provided reasonable security and/or implemented reasonable security measures consistent with the foregoing, Plaintiff would not have been sexually assaulted and/or raped aboard the vessel.

29. At all times material hereto, Defendant knew or should have known of the foregoing conditions causing the subject sexual assault and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through (a) Plaintiff's condition throughout public areas of the vessel; (b) prior incidents; and/or (c) the prevalence of sexual assaults aboard Defendant's cruise ships (as alleged in the paragraphs entitled, "Defendant's Notice," above), which did or should have revealed that Plaintiff was targeted by the Assailant because she was visibly intoxicated, and/or that a sexual assault and/or rape was reasonably foreseeable.  In addition, Defendant created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

30. As a direct and proximate result of Defendant's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life,

disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury, including punitive damages.

## COUNT III – GENERAL NEGLIGENCE

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through sixteen (16) as though alleged originally herein.

31. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances while she was a passenger aboard the vessel.

32. On or about the above date, Defendant, its agents and/or employees, breached its duty to exercise reasonable care, based on the following acts and/or omissions:

   a. Failure to provide reasonably safe conditions for the Plaintiff during the voyage aboard the vessel (reasonably safe conditions include, but are not limited to, preventing an atmosphere wherein persons could target and/or sexually assault other passengers; having adequate security personnel aboard its vessel); and/or

   b. Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent individuals aboard the vessel from committing sexual assaults against passengers aboard the vessel; and/or

    c. Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent individuals aboard the vessel from targeting passengers who are visibly intoxicated; and/or

    d. Failure to comply with the requirements of the Cruise Vessel Safety & Security Act; and/or

    e. Failure to implement and/or enforce an adequate safety management system.

33. The above acts and/or omissions caused and/or contributed to the subject incident because, Plaintiff would not have been sexually assaulted and/or raped aboard the vessel but for those acts and/or omissions.

34. At all times material hereto, Defendant knew or should have known of the foregoing conditions causing the subject sexual assault and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through (a) Plaintiff's condition throughout public areas of the vessel; (b) prior incidents; and/or (c) the prevalence of sexual assaults aboard Defendant's cruise ships (as alleged in the paragraphs entitled, "Defendant's Notice," above), which did or should have revealed that Plaintiff was targeted by the Assailant because she was visibly intoxicated, and/or that a sexual assault and/or rape was reasonably foreseeable.  In addition, Defendant created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

35. As a direct and proximate result of Defendant's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning

capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury, including punitive damages.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-3016
Facsimile: (305) 373-6204

By: */s/ Jacqueline Garcell*
**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**JACQUELINE GARCELL**
Florida Bar No. 104358
jgarcell@lipcon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 31, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Jacqueline Garcell*
**JACQUELINE GARCELL**
