**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:20-cv-20443-JLK**

JANE DOE (K.U.),

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

THIS CAUSE comes before the Court on Defendant Royal Caribbean Cruises' Motion to Dismiss the Amended Complaint (the "Motion") (DE 17), filed on July 23, 2020. The Court has also considered Plaintiff Jane Doe's Response in Opposition (DE 18), filed on August 4, 2020, and Royal Caribbean's Reply Brief (DE 21), filed on August 21, 2020.

## I. BACKGROUND

Plaintiff brings the above-styled action against Royal Caribbean, alleging in her Amended Complaint that on March 9, 2019, she "was visibly intoxicated, disoriented and crying while sitting in a passenger cabin hallway aboard the vessel" before she was sexually assaulted by another passenger.[1] (Am. Compl., DE 16 ¶ 9). Plaintiff alleges that a crewmember approached Plaintiff in her disoriented state but failed to offer her any assistance, which resulted in her being sexually assaulted by another passenger shortly thereafter. (*Id.* ¶¶ 10, 14). Plaintiff asserts claims for Negligent Failure to Warn (Count I), Negligent Security (Count II), and General Negligence

---

[1] The factual allegations of the Amended Complaint (DE 16) are construed in the light most favorable to the Plaintiff and are accepted as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

(Count III). (*See id.*). Royal Caribbean moves to dismiss the Amended Complaint in its entirety for failure to state a claim. (*See* Mot. Dismiss).

## II.     LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III.    DISCUSSION

In moving to dismiss the Amended Complaint, Royal Caribbean argues (among other things) that Plaintiff fails to allege enough facts to show that Royal Caribbean knew or should have known that a sexual assault aboard its vessel was foreseeable. (Mot. Dismiss at 3–5). Plaintiff disagrees, arguing that the Amended Complaint contains enough facts to state a claim for negligence under maritime law. Specifically, Plaintiff points to the Amended Complaint's allegation that Plaintiff was "visibly intoxicated, disoriented and crying," and that a crewmember "approached the Plaintiff, but did not provide any assistance in finding and/or getting to Plaintiff's cabin." (Pl.'s Resp. at 8). Additionally, Plaintiff argues that foreseeability is a question of fact inappropriate for resolution until discovery has taken place. (*Id.* at 14).

After careful consideration, the Court finds that the Amended Complaint contains enough factual allegations, accepted as true, to state a claim to relief. *See Iqbal*, 556 U.S. at 678. Among other things, the Amended Complaint sufficiently alleges that Royal Caribbean knew or should

have known that a sexual assault aboard its vessel was foreseeable. For instance, the Amended Complaint alleges that "[p]ursuant to the Secretary of Transportation's statistical compilation of shipboard incidents, there were a total of 60 sexual assaults reported on Defendant's vessels in the three years preceding the subject incident – 44 (nearly 74%) of which were sexual assaults committed against passengers, like Plaintiff here. These shipboard incidents are reported by Defendant itself, directly to the Secretary of Transportation and/or the Federal Bureau of Investigation." (Am. Compl. ¶ 15). These allegations are sufficient to show that Royal Caribbean was aware of prior incidents of sexual assault aboard its vessels. *See K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1050 (11th Cir. 2019) (Carnes, J., concurring) ("All of this data supplements the allegations contained in the complaint and reinforces the conclusion that the complaint states a valid claim and adequately pleads that, among other things, Royal Caribbean knew or should have known that there was a serious problem of violent crime, including passenger-on-passenger sexual assaults, on cruise ships including its own. *The Cruise Line Incident Reports, after all, are based in part on information Royal Caribbean itself submitted.* And it would be absurd to suggest that a multi-billion dollar business like Royal Caribbean was not aware of congressional reports about the problem of sexual assaults aboard its cruise ships.") (emphasis added).

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion to Dismiss **(DE 17)** be, and the same is, hereby **DENIED**. It is further **ORDERED and ADJUDGED** that Defendant's First Motion to Dismiss **(DE 8)** is hereby **DENIED AS MOOT**. Defendant shall file its Answer to Plaintiff's Amended Complaint within **twenty (20) days** from the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 1st day of September, 2020.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc:**     **All counsel of record**